**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

LEO SCOTT, JR.

VERSUS

E.I. DU PONT DE NEMOURS
& COMPANY

CIVIL ACTION

NO. 13-741-SDD-SCR

**RULING**

Before the Court is a *Motion to Dismiss*[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant, E.I. du Pont de Nemours and Company ("DuPont"). Plaintiff, Leo Scott, Jr., ("Scott") has filed a *Memorandum in Opposition*,[2] to which the Dupont has filed a *Reply*.[3]

I.  **INTRODUCTION AND PROCEDURAL HISTORY**

On May 20, 2012, while working as an operator in the Safety and Protect Department of Dupont's Burnside facility, Scott claims that he was exposed to sulfur dioxide ($SO^2$) and sulfur trioxide ($SO^3$) gas leaking from the facility's equipment. Following his exposure, Scott sought medical treatment due to various physical ailments and also notified various managers and supervisors at the facility of the leak and his medical visit due to the chemical exposure. In a separate, underlying *qui tam* action arising out of DuPont's alleged cover-up of the $SO^2$ and $SO^3$ leak, Scott provided factual information and deposition testimony about the circumstances surrounding his incident at DuPont's Burnside facility, including the managerial team's response. Scott alleges that, because of his involvement in the related *qui tam* action, Dupont retaliated against

---
[1] Rec. Doc. 7.
[2] Rec. Doc. 9.
[3] Rec. Doc. 21.

1

him through various forms of harassment, disciplinary actions, and, on April 1, 2013, by firing him.[4] On November 15, 2013, Scott filed this lawsuit under the Federal False Claims Act, 31 U.S.C. § 3730(h).[5] DuPont now seeks dismissal of Scott's *Complaint*[6] for failure to state a retaliation claim pursuant to 31 U.S.C. §§3729-3733.

**II.  LAW**

    **A.  Rule 12(b)(6)**

In deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[7] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[9] In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.[10] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

---

[4] *Simoneux et al. v. E.I. du Pont de Nemours & Co.*, 3:12cv219, is the related *qui tam* action also pending before this Court.
[5] Rec. Doc. 1.
[6] Scott supplemented his original *Complaint* by filing his *First Amended Complaint* on December 13, 2013. (Rec. Doc. 6).
[7] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[8] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[9] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, at 570 (2007)).
[10] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) (hereinafter *Twombly*).

do."[11]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[12]  However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[14]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[15]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[16]

   B.   **The Federal False Claims Act**

"Congress enacted the False Claims Act in order to discourage fraud against the government and to encourage persons with knowledge of fraud to come forward."[17]  Under the False Claims Act's anti-retaliation provision,

> Any employee … shall be entitled to all relief necessary to make that employee … whole, if that employee … is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee … in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.[18]

A plaintiff alleging a retaliation claim under the False Claims Act (FCA) must show the following three elements: "(1) the employee engaged in activity protected under the

---

[11] *Twombly*, 550 U.S., at 555 (internal citations and brackets omitted).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, at 678 (2009)(internal citations omitted)(hereinafter "*Iqbal*")(quoting *Twombly*, 550 U.S., at 557).
[13] *Id.* (citing *Twombly*, 550 U.S., at 556).
[14] *Id.*
[15] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099 at *2 (S.D. Tx. May 3, 2012)(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[16] *Twombly*, 550 U.S., at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[17] *Guerrero v. Total Renal Care, Inc.*, 2012 WL 899228, at *6 (W.D. Tx. Mar. 12, 2012)
[18] 31 U.S.C. § 3730(h)(1).

statute; (2) the employer knew that the employee engaged in protected activity; and (3) the employer discriminated against the employee because she engaged in protected activity.[19] The FCA's protections not only apply to those persons who initiate a *qui tam* action, but they also extend to "others involved in the suit, including any person who initiated, investigated, testified, or assisted in 'an action filed or to be filed' under the Act."[20]

## III.  ANALYSIS

The Court will first address DuPont's contention that Scott's claim must fail because the underlying *qui tam* action does not support a reverse False Claims Act cause of action. On April 4, 2014, the Court held oral argument in the underlying *qui tam* action, where DuPont asserted similar arguments. The Court found that the 2009 amendments to the reverse false claim provision, specifically 31 U.S.C. §3729(a)(1)(G), were clear on their face, and required no inquiry into the legislative intent or history. As amended, the reverse false claim provision extends liability to anyone who "knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,"[21] and also provided a statutory definition for the term obligation.[22] Accordingly, the Court concluded that the Relator had sufficiently pled facts to support his claim under the reverse false claim provision because DuPont had a duty to report the release of $SO^3$ under the Toxic Substances

---

[19] *U.S. ex rel. George v. Boston Scientific Corp.*, 864 F.Supp.2d 597, at 603-04 (S.D.Tx. 2012).
[20] *Neal v. Honeywell, Inc.*, 826 F.Supp. 266, at 269 (N.D. Ill. 1993) (quoting 31 U.S.C. § 3730(h)).
[21] 31 U.S.C. §3729(a)(1)(G). The pre-2009 amendments allowed for recovery only when an individual "knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government."
[22] Pursuant to 31 U.S.C. §3729(b)(3), an obligation "means an established duty, whether or not fixed, arising from an express or implied contractual, grantor-grantee, or licensor-licensee relationship, from a fee-based or similar relationship, from statute or regulation, or from the retention of any overpayment."

Control Act (TSCA) to the EPA[23] and had failed to do so to avoid its obligation of paying the mandatory fine.[24] The Court hereby adopts its reasoning from the April 4, 2014 hearing and finds that Scott has sufficiently pled that the underlying *qui tam action* does state a viable reverse false claims act cause of action.

The Court further finds that Scott has alleged sufficient facts to maintain a viable claim under the anti-retaliation provision of the FCA in his *Original* and *Amended Complaints*[25]. As to the first element, Scott has pled sufficient facts regarding his participation in and contribution to the investigation leading to the filing of the underlying *qui tam* action under the FCA. For instance, Scott alleged that he provided information to the Relator in the *qui tam* action regarding his own exposure to $SO^2$ and $SO^3$ gas leaks at DuPont's Burnside facility, the physical problems he suffered as a result of his exposure, and DuPont's response to his exposure.[26] Additionally, Scott has alleged facts showing that he provided the Relator with various documents (e.g., emails) in support of the *qui tam* action.[27] The Court finds that, although Scott is not the Relator in the underlying *qui tam* action, based on the factual allegations, he is a party subject to the protections of the whistleblower provision under the FCA, 31 U.S.C. §3730(h).

Similarly, Scott has sufficiently pled that DuPont was made aware of his involvement in the protected activity when it was served with the *original* and *amended complaints* in the *qui tam* action and initial discovery, wherein he was not only identified as having been exposed to $SO^3$ at the Burnside facility, but was also designated as someone with personal knowledge about DuPont's alleged cover-up of the toxic gas

---

[23] 15 U.S.C. §2601, *et seq.*
[24] 15 U.S.C. §2615(a)(1).
[25] Rec. Docs. 1 and 6.
[26] Rec. Doc. 1, ¶¶ 8-10, 17.
[27] Rec. Doc. 1, ¶¶ 33-34.

leaks.[28] Furthermore, accepting the facts as true as alleged in his *Complaints*, the temporal proximity between DuPont's receipt of notice of Scott's cooperation in the *qui tam action* and the subsequent alleged harassment and ultimate firing, satisfies the pleading requirement to survive a Rule 12(b)(6) motion.[29] For instance, within two months of being served with the Relator's initial disclosures in the *quit tam* action—wherein Scott was named as a witness—DuPont terminated Scott's employment.[30] Therefore, the Court finds that Scott has adequately pled causation.

Accordingly, the Court finds that Scott has pled sufficient facts to state a viable claim under the Federal FCA's anti-retaliation provision.

## IV. CONCLUSION

Wherefore, the *Motion to Dismiss*[31] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant E.I. du Pont de Nemours and Company is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>April 28, 2014</u>.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[28] Rec. Doc. 1, ¶¶12, 16-17, 32-35. In fact, the initial disclosures listed Scott as a witness in the *qui tam action*.
[29] *U.S. ex rel. George v. Boston Scientific Corp.*, 864 F.Supp.2d 597, at 610 (S.D.Tx. 2012). (The district court discussed the differences in standard for motions to dismiss and summary judgment in light of temporal proximity). See also, *Guerroro v. Total Renal Care*, Inc., 932 F.Supp.2d 769, at 791 (W.D. Tx. 2013)("A prima facie case can, in some instances, be made on temporal proximity alone if 'the protected act and the adverse employment action are 'very close' in time." (citing *Washburn v. Harvey*, 504 F.3d 505, 511 (5th Cir. 2007)). Rec. Doc. 1, ¶¶16-17, 20-27, and 32-38.
[30] Rec. Doc. 1, ¶¶ 32-35 and 38.
[31] Rec. Doc. 7.