UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LEO SCOTT, JR.

VERSUS

E.I. DU PONT DE NEMOURS AND
COMPANY

CIVIL ACTION

NUMBER 13-741-SDD-SCR


**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is the Plaintiff's Motion to Compel Discovery. Record document number 44. The motion is opposed by defendant E.I. du Pont de Nemours and Company.[1]

Plaintiff filed a Complaint alleging retaliation under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). Plaintiff alleged that on May 20, 2012, while working as an operator at Du Pont's Burnside plant, he was exposed to sulfur dioxide ($SO_2$) and sulfur trioxide ($SO_3$) gases which were leaking from equipment. At the time of his alleged exposure, a separate *qui tam* action had been filed against the defendant for failing to report the gas leaks as allegedly required under the Toxic Substances Control Act ("TSCA").[2] Plaintiff alleged that he provided factual information and deposition testimony for the *qui tam* action concerning his

---

[1] Record document number 47. Plaintiff filed a reply memorandum. Record document number 50. Defendant filed a sur-reply. Record document number 55.

[2] CV 12-219-SDD-SCR, *United State of America et al, Jeffery M. Simoneaux, Relator v. E.I. du Pont de Nemours and Company.*

exposure at the Burnside facility.  Plaintiff alleged that as a result of his actions, the defendant retaliated against him through various forms of harassment and disciplinary actions.  Plaintiff alleged that he was wrongfully placed on probation on November 1, 2012 for improperly wearing personal protective equipment on October 23, 2012, and was terminated on April 1, 2013.

In his motion to compel, the plaintiff moved for supplementation to Request for Production Number 9, which sought documents provided to or received from OSHA by DuPont concerning gas leaks and/or employee exposure to $SO_2$ and $SO_3$ at the DuPont Burnside facility from May 19, 2012 to the present. Specifically, the plaintiff argued that responsive documents provided to OSHA during an investigation conducted in 2014 and resulting a Citation[3] were not produced in discovery.  Plaintiff argued that the existence of these documents were discovered on April 2, 2015 during the deposition of Tom Miller, the Burnside plant manager.

Plaintiff argued that the 2014 Citation and the documents exchanged with OSHA show that the plaintiff's decision to wear personal protective equipment was reasonable and therefore his probation was unjustified.  Thus, plaintiff argued, the documents will assist him in establishing that the probation was a retaliatory action taken because of his participation in the

---

[3] The Citation is docketed in the related *qui tam* case, CV 12-219-SDD-SCR, record document number 238-4.

underlying *qui tam* case. Plaintiff argued that the documents support his credibility and corroborate his claims.

Plaintiff also sought to compel additional deposition testimony from Miller and Elizabeth Cromwell, the plaintiff's immediate supervisor, to address documents which were not provided sufficiently in advance of their depositions and respond to questions which they were instructed not to answer.

Defendant argued that the supplemental documents requested are not relevant to the plaintiff's FCA retaliation claims because the the OSHA investigation occurred well after the plaintiff's employment at the Burnside plant ended and thus could not be related to any alleged retaliation prohibited by the FCA. Defendant asserted that the relevant time frame for determining whether the defendant acted with retaliatory intent would be prior to time the alleged discriminatory acts occurred. Defendant argued that the plaintiff cannot demonstrate how the 2014 OSHA investigation, which occurred almost two years after he was placed on probation, could be relevant to his retaliation claim.

With respect to the plaintiff's request for additional depositions, the defendant agreed to produce Miller for a deposition restricted to questions about the documents produced at Miller's April 2, 2015 deposition. Defendant argued that an order compelling any additional testimony from Miller or Cromwell is not warranted because all other documents relevant to the plaintiff's

3

retaliation claim were produced sufficiently in advance of their depositions.

Rule 26(b)(1), Fed.R.Civ.P., provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." The rule further provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to discovery of admissible evidence," and "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

In a retaliation claim under the FCA, a plaintiff must establish: (1) he was engaging in conduct protected under the FCA; (2) the employer knew that the employee was engaging in such conduct; and (3) the employer discriminated against the employee because of his protected conduct. *Scott v. E.I. Du Pont De Nemours & Co.*, 2014 WL 1689601, at 2 (M.D.La. 4/29/14).

Plaintiff failed to demonstrate that the requested documents are relevant to his FCA retaliation claim or are at least reasonably calculated to lead to admissible evidence. Plaintiff has not shown that the documents sought are relevant to showing that he engaged in protected activity before he was placed on probation in 2012 or terminated in 2013, or to showing that the defendant knew he engaged in protected activity, or to showing that

4

he was placed on probation because of any protected activity. The Citation itself does not suggest that the requested documents would be relevant to any element of the plaintiff's FCA retaliation claim.[4]

Plaintiff's argument that the evidence will support his credibility is also unpersuasive. At most the documents might support the plaintiff's belief that he had a good reason to wear personal protective equipment on October 23, 2012. But the reasonableness of the plaintiff's belief in the existence of gas leaks and the need to wear personal protective equipment are not elements of his FCA retaliation claim. And while it can be said that generally witness credibility is an issue in all cases, the OSHA documents sought are not likely to be admitted for that purpose; their prejudicial effect and potential for jury confusion outweighs their probative value on the limited issue of the plaintiff's credibility regarding events that occurred some two years earlier. This conclusion is consistent with requirement of Rule 26(b)(2)(C)(iii).

Because no supplemental production is warranted, there is no

---

[4] The Citation related to: (1) inaccurate and out-of-date piping and instrumentation diagrams; (2) deficient documentation of inspections and tests; (3) failure to assure that maintenance parts and materials were suitable for the application for which they were used; (4) deficient written procedures for managing changes to process chemicals, technology, equipment and procedures; and (5) failure to suitably maintain facilities for employees to flush their eyes after exposure to corrosive materials.

basis for requiring Miller or Cromwell to provide additional deposition testimony.

Under Rule 37(a)(5)(B), if a motion to compel discovery is denied, the court must require the moving party or its attorney or both to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion unless the motion was substantially justified or other circumstances make an award of expenses unjust.

Plaintiff's motion was not substantially justified. The discovery request at issue was overbroad and unreasonable. Defendant did not submit anything to establish a specific amount of expenses incurred in opposing motion. A review of the motion papers supports finding that an award of $350.00 is reasonable.

Accordingly, Plaintiff's Motion to Compel Discovery is denied. Pursuant to Rule 37(a)(5)(B), the plaintiff shall pay to the defendant, within 14 days, reasonable expenses in the amount of $350.00.

Baton Rouge, Louisiana, September 4, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE