UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEO SCOTT, JR.

VERSUS

E.I. DU PONT DE NEMOURS & COMPANY

CIVIL ACTION

13-741-SDD-SCR

## RULING

Before the Court is Defendant, E.I. Du Pont De Nemours & Company ("DuPont") *Motion to Strike Plaintiff's Experts*.[1] The Motion is opposed.[2]

The Plaintiff, Leo Scott, brought the instant suit against his employer, DuPont for retaliation under the False Claims Act ("FCA").[3] To make out a *prima facie* case of FCA retaliation, Plaintiff must show that: (1) he engaged in conduct protected by the FCA; (2) Defendant knew that he engaged in that protected activity; and (3) he was retaliated against because of that protected activity.[4] 31 U.S.C. § 3730(h).

Scott alleges that DuPont placed him on probation for wearing unnecessary personal protective equipment. Scott contends that he was placed on probation in retaliation for providing information to and being a witness in a co-employee's FCA *qui*

---

[1] Rec. Doc. 51. The Court will analyze DuPont's *Motion to Strike* as a *Motion in Limine* to exclude the proposed opinion testimony of the subject experts. DuPont also filed a *Reply Memorandum* in support of its Motion (Rec. Doc. 57).
[2] Rec. Doc. 56; Rec. Doc. 61.
[3] FCA, 31 U.S.C. § 3730(h):
Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.
[4] *United States ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 21 F.Supp. 607 (E.D. La. 1998).

29546

*tam* case.[5] Plaintiff claims that he was placed on probation to punish him for assisting with and cooperating in Simoneaux's lawsuit.

DuPont moves to strike Dr. Paul Templet, Dr. Gerald Poje, and Dr. Gary Miller, each of whom gave opinion testimony in Simoneaux's *qui tam* suit that DuPont's operations created a substantial risk of injury to health or the environment under the Toxic Substances Control Act ("TSCA"), resulting in an obligation to pay fines, the avoidance of which gave rise to an FCA *qui tam* claim.

Under Federal Rule of Evidence 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue…".

These experts demonstrated scientific, technical, or specialized knowledge, which assisted the trier of fact to understand the evidence in *Simoneaux's* lawsuit. However, the Court finds that the opinion testimony of Drs. Templet, Poje, and Miller, will not assist the trier of fact to understand evidence germane to Mr. Scott's retaliation claim or to determine a fact in issue with respect to that retaliation claim. Accordingly, the Court shall GRANT DuPont's *Motion to Strike*[6] Dr. Paul Templet, Dr. Gerald Poje, and Dr. Gary Miller as expert witnesses in the captioned matter.

Baton Rouge, Louisiana the 24 day of November, 2015.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[5] *Simoneaux v. DuPont,* C.A. No. 3:12-cv-0219 (M.D. La.).
[6] Rec. Doc. 51.

29546