UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEO SCOTT, JR.** | * CIVIL ACTION NO. 13-CV-00741 |
| | * |
| **VERSUS** | * JUDGE:  SHELLY D. DICK |
| | * |
| **E.I. DU PONT DE NEMOURS** | * MAGISTRATE JUDGE: |
| **AND COMPANY** | * ERIN WILDER-DOOMES |

***************************************************************************

### MEMORANDUM IN OPPOSITION TO DUPONT'S MOTION FOR LEAVE TO FILE ANSWER AND AFFIRMATIVE DEFENSES

Plaintiff respectfully submits his memorandum in opposition to the Motion for Leave to File Answer and Affirmative Defenses (Rec. Doc. 88) filed by Defendant E.I. DuPont de Nemours and Company ("DuPont") in this False Claims Act retaliation case.

Fed. R. Civ. Proc. Rule 8(c) requires that "a party must affirmatively state any avoidance or affirmative defense".  Fed. R. Civ. Proc. Rule 12(b) requires that "every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." In general, if a defendant intends to rely on an affirmative defense at trial, it must plead the defense in its answer or else the defense is waived. *Pasco v. Knoblauch,* 566 F.3d 572 (5th Cir. 2009); *Scott v. Collins*, 286 F.3d 923, 927-28 (6th Cir. 2002) That is especially so where the failure to timely raise the defense results in prejudice. *Id.* That is particularly so where the defense is raised for the first time in a dispositive motion filed long after the discovery cut-off has passed and only shortly before pre-trial deadlines. *Id.*[1]  DuPont's answer and affirmative defenses were due 14 days from **April 29, 2014**. (Rec. Doc. 31, Fed. R. Civ. Proc. Rule 12(a)(4)(A)) Plaintiff objects to any affirmative defenses being alleged at this time.  Plaintiff especially objects to DuPont being allowed leave to file its

---

[1] A party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion. *Harris v. Secretary, U.S. Dept. of Veterans Affairs,* 126 F.3d 339, 345 (D.D. Cir. 1997).

[2] *Harville v. Texas A&M University*, 833 F.Supp.2d 645, 658-59 (S.D. Tx. 2011); *Jimenez v. Paw-Paw's Camper City, Inc.,* 2001 WL 36105581, *1 (E.D. La. 2001); *Brackens v. Dallas Independent School District, et al,* 2010 WL 5464823 *21, citing *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 355 (5th Cir. 2005) and *Richardson v. Monitronics International, Inc.,* 434 F.3d 327, 333 (5th Cir. 2005).

1

proposed Third, Sixth, Seventh and Eight Affirmative Defenses for the reasons set forth below. The proposed affirmative defenses are not brought at a sufficiently pragmatic time, and Plaintiff will be prejudiced by the filing of them at this late stage of the litigation. The Sixth, Seventh and Eight Affirmative Defenses that DuPont now proposes were not even listed as issues in the Joint Status Report submitted by the parties. (Rec. Doc. 25)

In its "SIXTH AFFIRMATIVE DEFENSE" DuPont purports to assert that "DuPont did not retaliate against Plaintiff because he was engaged in a protected activity. Rather, Plaintiff was separated from DuPont for a legitimate, non-discriminatory, non-retaliatory reason. Plaintiff cannot prove that this legitimate, non-discriminatory, non-retaliatory reason was pretextual." Legitimate nondiscriminatory reasons for adverse employment action are affirmative defenses.[2] Plaintiff would be unfairly prejudiced in having to respond to alleged legitimate nondiscriminatory reasons for Defendant's actions against Plaintiff, which the Defendant has never before raised in an answer or even in the joint status report (Rec. Doc. 25). In its proposed answer and affirmative defense, DuPont also does not even "articulate" the purported legitimate non-discriminatory reason that it seeks to try to raise at this late stage of the proceedings.[3] For that reason alone, the vague assertion should not be allowed at this late date.[4] Plaintiff has had no discovery on such assertion, and discovery has been closed since April 2015.

---

[2] *Harville v. Texas A&M University*, 833 F.Supp.2d 645, 658-59 (S.D. Tx. 2011); *Jimenez v. Paw-Paw's Camper City, Inc.,* 2001 WL 36105581, *1 (E.D. La. 2001); *Brackens v. Dallas Independent School District, et al,* 2010 WL 5464823 *21, citing *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 355 (5th Cir. 2005) and *Richardson v. Monitronics International, Inc.,* 434 F.3d 327, 333 (5th Cir. 2005).

[3] Further, DuPont is now attempting to assert affirmative defenses that it never even asserted in the Related Scott Case at which Plaintiff's termination, is also at issue. (*See*, DuPont Answers, Rec. Docs. 9, 25 and 26, in the Related Scott Case 14-cv-0391) Therefore, Plaintiff was deprived of DuPont's alleged (vague) affirmative defenses purporting to assert a legitimate nondiscriminatory reason for Plaintiff's termination or other adverse actions against him, even in discovery in the Related Scott case.

[4] DuPont has made that vague assertion in the proposed pleading; yet, DuPont has attempted in its recently filed motion for summary judgment in the instant case (Rec. Doc. 76-1), to raise as an affirmative defense the specific purported legitimate, nondiscriminatory reason that DuPont terminated Scott's employment because of his disability.

Further, DuPont's assertion of affirmative defenses could change Plaintiff's burden in this case and create a burden on Plaintiff with respect to the issues DuPont seeks to put forth as affirmative defenses, including the disability issue which is the subject of a separate, related case. *Scott v. DuPont, C.A.* 14-cv-0391-JWD-EWD (hereafter "Related Scott Case"). Several federal courts of appeal have held that, in the absence of direct evidence of retaliation, the burden-shifting analysis established in *McDonnell-Douglas*[5] should be applied to FCA retaliation claims.[6] The Fifth Circuit has not addressed that, but several district courts in this circuit have applied *McDonnell-Douglas*. *Id.* As such, the burden-shifting framework likely applicable here is that a plaintiff must show: "(1) the employee engaged in activity protected under the statute; (2) the employer knew that the employee engaged in protected activity; and (3) the employer discriminated against the employee because she engaged in protected activity."[7] The plaintiff's burden is not great: he "merely needs to establish facts adequate to permit an **inference of retaliatory motive**."[8] Then, a **presumption** of discrimination arises. The employer must then "**articulate** a legitimate non-discriminatory reason for the adverse employment action."[9] "[T]o meet its burden of production…, an employer must articulate a nondiscriminatory reason *with 'sufficient clarity'* to afford the employee **a realistic opportunity** to show that the reason is pretextual." *Id.* at 231. The burden would then **shift back to plaintiff** to show the articulated reason is pretextual.[10] Therefore, DuPont now seeks to assert an affirmative defense to create burdens for Plaintiff not previously in the case. Plaintiff would be highly prejudiced by that. DuPont's answer was due April 2014. The discovery cut-off was in April 2015. Trial is currently scheduled for April 4, 2016, approximately two months

---

[5] *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
[6] *See McCollum v. Jacobs Eng'g Grp., Inc.*, 992 F.Supp.2d 680, 687 (S.D. Miss.2014); *see, also, Guerrero v. Total Renal Care, Inc.,* 932 F.Supp.2d 769, 785 (W.D.Tex.2013), and cases cited therein.
[7] *U.S. ex reI. George v. Boston Scientific Corp.,* 864 F.Supp.2d 597, at 603-04 (S.D.TX. 2012).
[8] *McCollum*, 992 F.Supp.2d at 687-88 (citing *Forman v. Small,* 271 F.3d 285, 299 (D.C.Cir.2001)).
[9] *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 (5th Cir.2015)
[10] *Burton*, 798 F.3d at 227.

from now.[11] Further, a motion for summary judgment by DuPont was filed in the instant case before this motion for leave was filed. Plaintiff has already been required to oppose that motion.

Importantly, the issue of DuPont's liability for terminating Plaintiff based on his disability is at issue in the Related Scott Case. And the dispositive motion deadline in the Related Scott Case was deferred because DuPont sought and obtained an extension of the dispositive motion deadline in that case on grounds that discovery issues were not resolved. Part of the discovery issues not resolved in the Related Scott Case and at issue in the pending appeal of the Magistrate Judge's ruling in that case is discovery of evidence related to **disability** and DuPont's accommodation of other employees with disabilities. (*See,* Related Scott Case, C.A. No. 14-cv-0391, Rec. Doc. 51-1, p. 15). In seeking the extension for filing dispositive motions in the Related Scott Case, DuPont contended that it should not have to prepare a motion for summary judgment until discovery was resolved and that "Plaintiff would gain the unfair advantage of having the benefit of DuPont's summary judgment arguments, with likely longer time than normal to respond, before the discovery issues are resolved." (See, Related Scott Case, Rec. Doc 48, p. 2, and Rec. Doc. 62; see, also, such argument and extension in the instant case, Rec. Docs. 64, and 66, 69) Had the affirmative defense DuPont now seeks to raise regarding disability been timely raised, given DuPont's own reasoning and contentions, the dispositive motion deadline in the instant case would still be deferred pending a ruling on the discovery issue (as it pertains to disability information) in the Related Scott Case, and DuPont would not have yet filed its motion for summary judgment in the instant case. Instead, to Plaintiff's prejudice and to DuPont's "unfair advantage", DuPont seeks to inject the affirmative defense of disability into the instant case at this late stage without Plaintiff having had the ability to argue the need *in this case* for the discovery which is at issue in the pending appeal of the

---

[11] Plaintiff has filed a motion to consolidate the trial herein with the trial in the related case, *Scott v. E.I. DuPont deNemours and Co.,* C.A. No. 14-0391-JWD-EWD, which if granted could result in the trial of the instant matter being conducted in consolidation with the trial of the related matter scheduled for June 6, 2016. Nevertheless, trial is imminent and pretrial deadlines are fast approaching.

4

Magistrate Judge's Ruling in the Related Scott Case.[12] Such discovery would be needed to respond to DuPont's purported legitimate nondiscriminatory reason for Scott's termination that it now seeks to raise. Plaintiff respectfully submits this defense has not been brought at a sufficiently pragmatic time in the litigation, it would prejudice Plaintiff, and it should not be allowed. Plaintiff also refers the Court to his pending motion for consolidation (Rec. Doc. 89) and further objects to DuPont's assertion of the affirmative defense of a legitimate nondiscriminatory reason at this late stage in the event Plaintiff's motion to consolidate is not granted.[13]

In the Third and Seventh Affirmative Defenses, DuPont seeks leave to add defenses on issues that have already been addressed and rejected by the Court. In its Third Affirmative Defense, DuPont seeks leave now to assert an affirmative defense regarding compliance with laws, proposing that it be allowed to plead, that "At all times pertinent hereto, DuPont acted reasonably and prudently under the circumstances and complied with all applicable federal and state laws, and regulations." (Rec. Doc. 88-3) In resolving prior motions, however, this Court has suggested that information regarding the merits of whether DuPont was violating laws, including OSHA and TSCA[14], is not at issue in this case. (*See, e.g.,* Rec. Doc. 62 (Ruling denying Motion to Compel OSHA Citations),[15] Rec. Doc. 70 (Ruling Affirming Magistrate Judge's Ruling on Motion to

---

[12] Plaintiff previously requested disability information and accommodation information in the instant case as it would have been helpful in addressing Plaintiff's *prima facie* case as to causation (See, Rec. Docs. 44-3 and 44-4, at Requests No. 16), but DuPont objected to relevance and produced very few documents. *Id.* Plaintiff did not press the issue in the instant case, but would have had DuPont attempted to shift the burden to Plaintiff to prove that disability was a pretextual reason for Scott's termination. The pending discovery at issue in the Related Scott case is particularly relevant to whether disability was pretextual, as the discovery seeks information related to DuPont's response to other employees with disabilities.

[13] Whether Plaintiff could perform the essential functions of his operator position and whether DuPont failed to reasonably accommodate Plaintiff's disability are at issue in the Related Scott Case and would be placed at issue here if DuPont's affirmative defense of a legitimate nondiscriminatory reason were allowed to be pled.

[14] The Toxic Substances Control Act, at issue in the underlying *Simoneaux qui tam* case, 3:12-cv-0219, as to which this *qui tam* retaliation claim is related.

[15] Although the OSHA documents at issue were exchanged with OSHA in 2014, OSHA citations which were issued in 2014 pertained to the vacuum hose system being used to try to capture the gas leaks to which Plaintiff was exposed (prompting him to wear PPE for which DuPont placed him on probation). (Rec. Doc. 1) Those gas leaks and hose system were in operation since at least December 2011. *Id.* If the substance of DuPont's legal compliance was at issue

Compel), Rec. Doc. 74 (Ruling granting Motion to Strike Plaintiff's experts as to liability under TSCA, finding that was not an element of Plaintiff's retaliation case). Plaintiff would be highly prejudiced by DuPont's late addition of this defense after this Court's rulings have been issued finding irrelevant information which Plaintiff sought regarding DuPont's compliance with laws and regulations. If the affirmative defense is allowed, Plaintiff should be allowed to re-open discovery and re-urge the discovery issues previously addressed by the Court. This would however be prejudicial to Plaintiff's preparation of his case and burdensome given the pre-trial deadlines in place.

In its Seventh Affirmative Defense, DuPont seeks leave to raise the defense that "DuPont contends that Plaintiff's retaliation claims must fail *if it is* determined that the issues presented in the *Qui Tam* action, *Simoneaux v. E.I. DuPont de Nemours and Company*, C.A. No. 3:12-cv-00219, is not a viable False Claims Act claim, because in that circumstances Mr. Scott could not have been in [sic] engaging in protected activity." (Rec. Doc. 88-3, p. 11, emphasis added) First, the Court has rejected similar arguments made to that effect in DuPont's motion to dismiss (Rec. Doc. 31) and has rejected the need for experts who testified in the underlying *Qui Tam* case (on issues as to the viability of the underlying *Qui Tam* case). Second, the legal standard applicable to a Plaintiff who has been retaliated against under the False Claims Act does not turn upon future events that have not yet occurred (as this defense seeks to raise). The legal standard does not require that there be an underlying *Qui Tam* action at all. At most, the standard requires a good faith belief on the part of the plaintiff when he is engaged in the activity at issue. *U.S. ex. rel. George*, 864 F.Supp.2d at 605; *U. S. ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1303–04 (11th Cir.2010) (per curiam); *Fanslow v. Chicago Mfg. Ctr., Inc.*, 384 F.3d 469, 479 (7th Cir.2004. Therefore, there is no basis at all for granting leave to raise this defense that seeks to invoke future events in the Simoneaux *Qui Tam*

---

in this case, the relevance analysis by the Court on prior motions already decided would have undoubtedly been different.

6

action, but certainly no basis for to grant such leave at this stage of the proceedings. To do so would only give rise to needless briefing, motions in limine, and wasted resources, all to the prejudice of Plaintiff.

With respect to the Eighth Defense regarding offset in favor of DuPont, DuPont specifically stated in the Joint Status Report that "DuPont is not currently claiming any offset." DuPont should not now be allowed to take a contrary position at this late stage of the proceedings.

Plaintiff respectfully submits that DuPont's motion for leave to file answer and affirmative defenses should be denied. The defenses, especially DuPont's Third, Sixth, Seventh and Eight Affirmative Defenses, have not been raised at a pragmatically sufficient time as required by *Pasco,* and Plaintiff will be prejudiced by their assertion almost two years late and two months prior to trial.

**RESPECTFULLY SUBMITTED BY:**

  /s/ Jane H. Barney
Jane H. Barney (Bar Roll:  22246)
J. H. Barney Law Firm, LLC
2561 CitiPlace Ct., Suite 750-161
Baton Rouge, LA  70808
Telephone:  225-235-9016
E-mail:  barney@jhbarneylaw.com

and

J. ARTHUR SMITH, III
La. Bar Roll No.: (07730)
830 North Street
Baton Rouge, Louisiana  70802
Telephone: (225) 383-7716
E-mail:  jasmith@jarthursmith.com

7

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I have on this 27th day of January 2016 filed electronically a true copy of the foregoing. All parties received notice of this filing by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                                           _____*/s/ Jane H. Barney*_____
                                              Jane H. Barney